FILED
6/7/21 11:41 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

**RUM RUNNERS PA, LLC,**                    **Bankruptcy No. 21-20369-GLT**

        **Debtor.**                    **Chapter 11**

**RUM RUNNERS PA, LLC,**                     Related to Docket No. 42

        **Movant,**
  **vs.**

**NO RESPONDENT.**

<u>**ORDER APPROVING RETENTION OF NEWMARK KNIGHT FRANK AS REAL
ESTATE BROKER**</u>

    **AND NOW**, this _7th Day of June          , 2021, upon consideration of

the **APPLICATION FOR APPROVAL OF REAL ESTATE BROKER (the "Application")**,

it is **ORDERED**, **ADJUDGED** and **DECREED** as follows:

    1.    The above referenced Application is hereby approved as of the date the

Application was filed.

    2.    Newmark Knight Frank, 210 Sixth Ave, Suite 600, Pittsburgh PA 15222, is

hereby appointed as Real Estate Broker for the Debtor in this bankruptcy proceeding

pursuant to the terms described in *Exhibit A* which is attached to the Application, for the

purpose of acting as the Debtor's Real Estate Broker in connection with the sale of the

Debtor's real property. A commission structure as follows is tentatively approved subject

to final court order:

    Four percent (4.0%) of the total gross sale price of the Property if the buyer of the

    Property is not represented by a real estate broker/agent and five percent (5.0%)

of the total gross sale price of the Property if the buyer of the Property is represented by a real estate broker/agent other than David Glickman.

3.      Professional persons or entities performing services in this case are advised that approval of fees for professional services will be based on other factors as well, including results accomplished, the time and labor reasonably required by the applicant to perform the task(s) involved, the customary fee for similar services, the time limitations imposed by the retention or the circumstances encountered while performing the services, the relationship of the services, if any, to the ultimate bid amount of the subject intellectual property, and the extent and nature of awards in similar cases.

4.      Approval of any application for appointment of a professional in which certain fees are requested is not an agreement by the Court to allow such fees in the requested amount.  Final compensation, as awarded by the Court after notice and hearing, may be more or less than the requested amount based on application of the above criteria.

5.      **Applicant shall serve the within Order on all interested parties and file a certificate of service.**

Gregory L. Taddonio    drb
United States Bankruptcy Court Judge

c:      Debtor
        Counsel
        Newmark Knight Frank
        Office of the U.S. Trustee

**ENTERED BY DEFAULT**